

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-12-00346-CV

Sylvia **WEECH**,
Appellant

v.

**BAPTIST HEALTH SYSTEM**
a/k/a Baptist Health System, Inc.,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-20331
Honorable Victor Hugo Negron Jr., Judge Presiding[1]

Opinion by:   Sandee Bryan Marion, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  December 31, 2012

AFFIRMED

Sylvia Weech appeals a take-nothing summary judgment rendered against her and in favor of Baptist Health System ("BHS").  BHS filed its no-evidence summary judgment motion and a hearing was set for April 10, 2012.  Weech failed to file a response to BHS's motion and did not appear at the hearing.  The trial court granted BHS's motion and rendered judgment

---

[1] Judge Negron granted Baptist Health System's no evidence motion for summary judgment and entered judgment against Weech on April 10, 2012.  Judge Negron also heard Weech's motion for new trial and denied her motion after taking the matter under advisement on May 9, 2012.  However, a formal order denying Weech's motion for new trial was signed on May 16, 2012 by Judge David Berchelmann.

against Weech. After receiving a copy of the judgment, Weech timely filed a motion for new trial along with a response to BHS's motion. A hearing on the motion for new trial was held on May 9, 2012, following which the trial court denied the motion. In two issues on appeal, Weech argues (1) the trial court erred in granting BHS's no-evidence summary judgment motion, and (2) the trial court erred in denying Weech's motion for new trial. We affirm.

## NO-EVIDENCE SUMMARY JUDGMENT

Weech filed suit against BHS on December 23, 2009, asserting premises liability and negligence claims after she was allegedly injured in a parking garage when a gate fell on her. BHS filed a no-evidence summary judgment motion on March 12, 2012, asserting Weech had no evidence (1) the parking gate was defective, not working, or in any other way unreasonably dangerous; (2) BHS knew or should have known of a defective parking gate; (3) that any act or omission by BHS was negligent; and, (4) proving any injury as a result of the allegedly defective parking gate. The trial court granted BHS's motion without stating its grounds.

A no-evidence motion for summary judgment is essentially a motion for pretrial directed verdict. *See* TEX. R. CIV. P. 166a(i); *Medistar Corp. v. Schmidt*, 267 S.W.3d 150, 157 (Tex. App.—San Antonio 2008, pet. denied). After a reasonable time for discovery, a party without the burden of proof may seek summary judgment on the ground that there is no evidence to support one or more essential elements of the nonmovant's claim. TEX. R. CIV. P. 166a(i); *All Am. Tel., Inc. v. USLD Commc'ns, Inc.*, 291 S.W.3d 518, 526 (Tex. App.—Fort Worth 2009, pet. denied). The trial court "must grant" the motion unless the non-movant produces summary judgment evidence to raise a genuine issue of material fact on the issues the movant has raised. TEX. R. CIV. P. 166a(i).

On appeal, Weech asserts her response, filed with her new trial motion, raises genuine issues of material fact. Therefore, Weech contends the trial court erred in granting BHS's motion for summary judgment. The record is clear and it is undisputed that Weech did not file a response to BHS's motion before the hearing on April 10, 2012, and Weech did not appear at the hearing. Because the rules provide that the trial court "must grant" BHS's motion unless Weech presented evidence to raise a genuine issue of material fact on the issues BHS presented and Weech did not respond with any evidence, we conclude the trial court did not err in granting BHS's motion and entering a judgment against Weech.

### MOTION FOR NEW TRIAL

Weech filed a motion for new trial and attached affidavits and a response to BHS's motion for summary judgment, which included her deposition. A hearing on the motion for new trial was held on May 9, 2012. In her second issue on appeal, Weech argues the trial court erred in denying her motion for new trial.

The denial of a motion for new trial is generally reviewed under an abuse of discretion standard. *Washington v. McMillan*, 898 S.W.2d 392, 394 (Tex. App.—San Antonio 1995, no writ). A trial court abuses its discretion when its action is arbitrary, unreasonable, or "without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

In her motion for new trial, Weech sought relief under the test set out in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939). If *Craddock* applies, the "guiding rules and principles" are: a trial court abuses its discretion by denying a motion for new trial following a default judgment if the motion (1) shows the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part,

but was due to mistake or an accident; (2) sets up a meritorious defense; and (3) is filed at a time when the granting thereof will occasion no delay or otherwise work an injustice to the plaintiff. *Id.*; *see also Washington*, 898 S.W.2d at 395.

The *Craddock* test was created to provide parties with a remedy when a judgment was entered against them in a no-answer default judgment situation. The Texas Supreme Court has not specifically held whether *Craddock* applies when a judgment is entered in a "default" no-evidence summary judgment context, rather than a no-answer default context. *See Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002) (holding *Craddock* does not apply to a motion for new trial filed after summary judgment is granted on a motion to which the nonmovant failed to timely respond when the respondent knew of the hearing and did nothing, but also stating "[w]e do not decide today whether *Craddock* should apply when a nonmovant discovers its mistake after the summary-judgment hearing or rendition of judgment.").

This court, however, has held *Craddock* applies in a traditional summary judgment context reasoning, "the failure to answer [in a summary judgment situation] may lead to an adverse judgment, just as it did in *Craddock*." *Washington*, 898 S.W.2d at 395; *see also Huffine v. Tomball Hosp. Auth.*, 979 S.W.2d 795, 798–99 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Following this reasoning, there is an even stronger argument for applying *Craddock* in a no-evidence summary judgment context because after a party files the no-evidence motion, a response is required to prevent the entry of an adverse judgment—making it analogous to a no-answer default situation. Additionally, fairness and equity support the application of *Craddock* in a default no-evidence summary judgment context. *See Washington*, 898 S.W.2d at 396 ("We further agree . . . that 'basic fairness' also militates in favor of applying the *Craddock* standard in

the summary judgment context." (quoting *Krchnak v. Fulton*, 759 S.W.2d 524, 528–29 (Tex. App.—Amarillo 1988, writ denied)).

This court, however, has modified the application of the *Craddock* test when it is used in the summary judgment context. Traditionally, because *Craddock* applied in a no-answer default situation, the second element required the movant to "set up a meritorious defense" in their motion for new trial, which meant to allege facts that, if true, would constitute a defense. *See Washington*, 898 S.W.2d at 396 (citing *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966)). However, the *Washington* court held when applying *Craddock* in the traditional summary judgment context, "to set up a meritorious defense" requires the movant to allege facts and bring forth summary judgment proof sufficient to raise a material issue of fact in their motion for new trial. *Washington*, 898 S.W.2d at 396. Therefore, when applying the second element of *Craddock* in the no-evidence summary judgment context, it follows that "to set up a meritorious defense," the party requesting a motion for new trial must present evidence sufficient to raise a genuine issue of material fact on the issues the opponent has raised in their no-evidence summary judgment motion. We conclude the modified *Craddock* test should apply here in a no-evidence summary judgment when the "nonmovant discovers its mistake after the summary-judgment hearing or rendition of judgment." *See Carpenter*, 98 S.W.3d at 686. Accordingly, the issue before us is whether Weech's motion for new trial (1) shows the failure to respond before judgment was entered was not intentional, or the result of conscious indifference, but was due to mistake or an accident; (2) presents evidence sufficient to raise a genuine issue of material fact on the issues BHS raised in their no-evidence summary judgment motion; and (3) demonstrates that the granting thereof will occasion no delay or otherwise work an injustice to BHS. Because the second prong of *Craddock* is dispositive, we do not address the first or third prongs.

To establish the second prong of *Craddock*, Weech must "set up a meritorious defense" in her motion for new trial, which in the no-evidence summary judgment context means she must present evidence sufficient to raise a genuine issue of material fact on the issues BHS raised in its motion. *See Washington*, 898 S.W.2d at 396. Weech alleged premises liability and negligence in her original petition. In their motion, BHS asserted Weech had no evidence (1) the parking gate was defective, not working, or in any other way unreasonably dangerous; (2) BHS knew or should have known of a defective parking gate; (3) that any act or omission by BHS was negligent; and finally, (4) proving any injury as a result of the allegedly defective parking gate.

## A. Premises Liability

To recover for premises liability, a plaintiff must establish: (1) the defendant knew or should have known of some condition on the premises; (2) the condition posed an unreasonable risk of harm, was defective or not working properly; (3) the defendant did not exercise reasonable care to reduce or eliminate the risk; and (4) the defendant's failure to use such care proximately caused the plaintiff's injuries.[2] *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). BHS's assertion that Weech had no evidence the parking gate was defective, not working, or in any other way unreasonably dangerous attacked the second element of her premises liability cause of action.

"A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no pet.). "Conclusory statements in affidavits are not proper as summary judgment proof if there

---

[2] *Corbin* provides the elements for a premises liability claim when the plaintiff has invitee status. Weech alleged premises liability claims with both invitee status and licensee status. The only difference in the claims is in regard to knowledge. *See Wyckoff v. George C. Fuller Contracting Co.*, 357 S.W.3d 157, 164 (Tex. App.—Dallas 2011, no pet.) ("In order to establish liability, a licensee must prove (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the licensor actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the licensor failed to exercise ordinary care to protect the licensee from danger; and (5) the licensor's failure was a proximate cause of injury to the licensee.").

are no facts to support the conclusions." *Id*.; *see also Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). Factual conclusions, opinions, and subjective beliefs unsupported by evidence are defects in substance and may be raised for the first time on appeal. *Rizkallah*, 952 S.W.2d at 587.

The only evidence Weech presented to raise a genuine issue of material fact on the second element of her premises liability claim was her affidavit and her deposition, which were attached to her motion for new trial in response to BHS's motion. Nowhere in her affidavit does Weech state the parking gate was defective. Weech only states the following regarding the parking gate in her affidavit: "When the crossing arm from the Baptist Parking garage fell on me, the lady in the booth came to my aid. She stated 'this has happened three times before.'" However, Weech provides no other facts to explain what "this" means. Also, there are no other facts present in her affidavit to demonstrate there was anything defective about the parking gate. We do not believe the statement "this has happened three times before," alone, raises a fact issue that the gate was defective.

In her deposition, BHS's counsel asked Weech what led to her conclusion that the parking gate was defective:

> Q: And I asked you if you believe there's something wrong with the gate or it's faulty, and your testimony a moment ago was yes, you believe there's something wrong with the gate, correct?
>
> A: Well, as far as I can tell. It hit my head, so something must be wrong with it.

A statement such as, "[i]t hit my head, so something must be wrong with it," without any underlying facts, is the type of conclusory statement that is not "competent summary judgment proof." *Id*. at 587; *see Gonzales v. Shing Wai Brass & Metal Wares Factory, Ltd.*, 190 S.W.3d 742, 746 (Tex. App.—San Antonio 2005, no pet.) (holding statements in affidavit stating "an

electrical failure occurred at the socket base/switch assembly" and "the fire resulted from a resistive heating failure at the lamp socket/switch assembly terminal screws to which the lamp cord is attached" were conclusory when no other facts were presented to support expert witness's conclusions the lamp was defective and were, therefore, not competent summary judgment evidence). Parking gates are just that—gates that are designed to go up and come down to let cars in or out of the garage. Just because the gate came down on her does not mean it was defective, per se. Without additional facts to support the conclusion that the gate was defective, we cannot infer it was so. Accordingly, we conclude Weech did not raise a genuine issue of material fact on the element of her premises liability claims that the parking gate was defective.

**B. Negligence**

We next decide whether Weech raised a material issue of fact regarding her negligence claim. To have a claim for negligence, a plaintiff must prove: (1) a duty owed to the plaintiff, (2) a breach of that duty by the defendant, and (3) damages proximately caused by the breach. *First Assembly of God, Inc. v. Tex. Utilities Elec. Co.*, 52 S.W.3d 482, 491 (Tex. App.—Dallas 2001, no pet.). BHS attacked the breach of duty element in its motion by alleging Weech had no evidence of any act or omission by BHS that was negligent.

In her affidavit, the only paragraph in which Weech seems to indicate a negligent act or omission on the part of BHS was as follows:

> When the crossing arm from the Baptist Parking garage fell on me, the lady in the booth came to my aid. She stated "this has happened three times before." When I asked what the Baptist did about it she responded "they probably did nothing." I asked her how long it had been doing this. She told me that it had happened about a year earlier.

Weech's statements leave us to assume that because a lady in the booth at the parking garage said, "they *probably* did nothing," there was some negligent omission by BHS regarding

the parking gate. However, the use of the word "probably" again requires us to assume there was a negligent omission, but without more information it is not even clear whether "they" were informed there may be a problem. Without additional facts, we cannot infer that because "they" "probably" did nothing, there was some negligent omission by BHS. Accordingly, we conclude Weech's conclusory statements regarding a negligent act or omission by BHS were not sufficient to raise a genuine issue of material fact on the breach of duty element BHS raised in its motion.

## C. Conclusion

We conclude the evidence Weech presented was conclusory; therefore, Weech did not raise a genuine issue of material fact on the issues BHS raised on both her premises liability claims and on her negligence claim. Accordingly, Weech has not established the second prong of the modified *Craddock* test and the trial court, therefore, did not abuse its discretion in denying her motion for new trial.

### CONCLUSION

We conclude the trial court did not err in granting BHS's no-evidence summary judgment motion and entering a judgment against Weech when the record is clear Weech filed no response and did not attend the hearing; therefore, providing no evidence to raise a genuine issue of material fact on the issues BHS raised. After determining *Craddock*, as modified to fit the no-evidence summary judgment context, applies in this situation, we also conclude the trial court did not abuse its discretion in denying Weech's motion for new trial because her motion did not meet the second element of *Craddock*. Therefore, we affirm.

Sandee Bryan Marion, Justice