

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00287-CV

CITY OF FRITCH, APPELLANT

V.

KIRK COKER, APPELLEE

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 40,520, Honorable William D. Smith, Presiding

February 27, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

This is an interlocutory appeal[1] from the denial of the City of Fritch's plea to the jurisdiction in a "Whistleblower"[2] case filed by Kirk Coker. For the reasons hereinafter explained, we will dismiss.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2013).

[2] *See* TEX. GOV'T CODE ANN. § 554.002 (West 2012).

Factual and Procedural Background

Kirk Coker was the Chief of Police for the City of Fritch, Texas. Alana Gariepy was a resident of Fritch. According to the City, the City began receiving complaints about the status of care of Gariepy's property. The City viewed the Gariepy property as a nuisance and obtained an administrative warrant from the Municipal Judge of Fritch to conduct an administrative inspection. After the return on the administrative warrant supported the City's position, the matter was referred to the City Council for action.[3]

On March 27 or 28, 2012,[4] the City Council voted to abate the Gariepy property, beginning on March 29, 2012. After the City Council vote to begin the abatement procedure, Gariepy arrived and an ensuing altercation resulted in her arrest. According to Coker, he escorted crews onto the Gariepy property on March 28, 2012, to begin the clean-up process. Subsequently, Coker received a phone call from the Hutchinson County Jail advising that Gariepy had posted bond and was being released from jail. Due to this information, Coker withdrew the crews from the Gariepy property with the intent to resume the process on the 29th of March.

On March 29, 2012, Coker and his crew returned to the Gariepy property to continue the abatement process. Upon arrival, Coker spoke with Gariepy. Following this conversation, Coker concluded that the proper procedures to abate the Gariepy property had not been followed meaning that Coker and his crew were not legally

---

[3] From the record before the Court, it is unclear whether the referral to the City Council was an appeal from the municipal court administrative procedure or simply the final step in the City's abatement process.

[4] The parties seem to disagree about when this meeting took place.

permitted to be on the Gariepy property. Coker then advised the Fritch City Manager, Robert Lamb, that he was vacating the Gariepy property.

On April 4, 2012, Coker contacted the Texas Rangers, the Hutchinson County District Attorney's Office, the Texas Attorney General's Office, and the Texas Department of Public Safety for the purpose of filing a "good faith" report of what Coker believed to be a violation of the law by the City. From his pleading, Coker contends that the City of Fritch violated the law by criminally trespassing on Gariepy's property and violating Gariepy's civil rights.

The City terminated Coker on April 9, 2012. Coker's attorney sent two letters to the City on April 26 appealing Coker's termination and, thereby, invoking the grievance process. The City contends that the City Attorney, Daren Brown, denied the appeal of the grievance in a letter to Coker's attorney on May 21. Coker contends that the letter from the City Attorney was not a final denial of the grievance process but, simply, a statement of the City's position regarding rehiring Coker and an admission of past compensation due him.

Subsequently, on September 5, Coker's attorney sent a letter to the City advising that he was terminating the grievance procedure and filing suit. Coker then filed suit against the City on October 12. In his petition, Coker alleged two causes of action against the City. First, Coker alleged a *Sabine Pilot*[5] claim, wherein he contended that he was terminated because he refused to perform an illegal act. The alleged illegal act Coker was asked to perform was a criminal trespass on Gariepy's property. Second, in

---

[5] *See Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985).

3

the alternative, Coker alleged a "Whistleblower" cause of action in that his termination was as a direct result of his filing a good faith report with the Texas Rangers, the District Attorney of Hutchinson County, the Texas Attorney General's Office, and the Department of Public Safety.

After filing an answer and an amended answer, the City filed a plea to the jurisdiction. Coker filed a reply to the plea to the jurisdiction, which was supported by his affidavit. The City moved to strike portions of Coker's affidavit, however, the trial court did not rule on the motion to strike. Ultimately, the trial court granted the City's plea to the jurisdiction as to Coker's *Sabine Pilot* claim but denied the plea on the "Whistleblower" claim. This interlocutory appeal followed.

The City contends via two issues that the trial court committed reversible error in denying the plea to the jurisdiction on the "Whistleblower" claim, and the trial court erred in impliedly denying the City's motion to strike portions of Coker's affidavit filed in support of his reply to the plea to the jurisdiction. For the reasons hereinafter set forth, we reverse the trial court's ruling.

Standard of Review and Applicable Law

A plea to the jurisdiction challenges the court's authority to decide a case. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 149 (Tex. 2012); *Sw. Pharmacy Solutions, Inc. v. Tex. Health & Human Servs. Comm'n*, 408 S.W.3d 549, 556 (Tex. App.—Austin 2013, pet. denied). Challenges to a trial court's subject-matter jurisdiction are properly raised by a plea to the jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

4

We review *de novo* a trial court's ruling on a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When a plea to the jurisdiction challenges the pleadings, we look to the pleader's intent, construe the pleadings liberally in favor of jurisdiction, and accept the allegations in the pleadings as true to determine if the pleader has alleged sufficient facts to affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Heckman*, 369 S.W.3d at 150; *Sw. Pharmacy Solutions*, 408 S.W.3d at 556. If the pleadings affirmatively negate the existence of jurisdiction, then a trial court may grant a plea to the jurisdiction without allowing the plaintiff an opportunity to amend. *Miranda*, 133 S.W.3d at 227. When the plea challenges the jurisdictional facts, the trial court may consider any evidence the parties have submitted and must do so when necessary to resolve the jurisdictional inquiry. *Id.*; *Blue*, 34 S.W.3d at 555; *Sw. Pharmacy Solutions*, 408 S.W.3d at 556. The "trial court must grant a plea to the jurisdiction . . . when the pleadings do not state a cause of action upon which the trial court has jurisdiction." *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). Conversely, if the evidence creates a fact question regarding the jurisdictional issue, the trial court should deny the plea. *See Miranda*, 133 S.W.3d at 227-28. Our task is to determine whether the trial court had before it facts that affirmatively demonstrate the trial court's subject-matter jurisdiction.

The Texas Whistleblower Act prohibits a governmental entity from terminating or taking any adverse employment action against an employee who, in good faith, reports to an appropriate law enforcement authority a violation of law by the entity or a public employee. *Montgomery Cnty. v. Park,* 246 S.W.3d 610, 612 (Tex. 2007) (citing TEX. GOV'T CODE ANN. §§ 554.001-.010). The act contains a provision waiving sovereign

5

immunity to the extent of liability for authorized relief. TEX. GOV'T CODE ANN. § 554.0035 (West 2012) ("A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter."); *State v. Lueck,* 290 S.W.3d 876, 881-82 (Tex. 2009). To demonstrate the trial court's jurisdiction over an asserted Whistleblower Act claim, a plaintiff must actually allege a violation of the act and not merely reference it. *Lueck,* 290 S.W.3d at 882 (quoting *Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001), as holding "Mere reference to the . . . Act does not establish the state's consent to be sued and thus is not enough to confer jurisdiction on the trial court"). Thus, the elements of a Whistleblower Act claim "must be included within the pleadings so that the court can determine whether they sufficiently allege a violation under the Act to fall within" the waiver of immunity from suit provided by § 554.0035. *Id.* at 884. For example, under *Lueck,* whether an employee made a "good faith report of a violation of law to an appropriate law enforcement authority is a jurisdictional question." *Tex. Dep't of Health & Human Servs. v. Okoli,* 295 S.W.3d 667, 668 (Tex. 2009) (per curium).

A plaintiff establishes a claim under the Whistleblower Act by showing: (1) he is a public employee; (2) he acted in good faith in making a report; (3) the report involved a violation of law by an agency or employee; (4) the report was made to an appropriate law enforcement authority; and (5) he suffered retaliation as a result of making the report. TEX. GOV'T CODE ANN. § 554.002; *Phelan v. Tex. Tech Univ.,* No. 07-07-00171-

6

CV, 2008 Tex. App. LEXIS 500, at *8 (Tex. App.—Amarillo Jan. 23, 2008, pet. denied) (mem. op.).

Analysis

The City contends that, for at least three reasons, the trial court erred in denying its plea to the jurisdiction. For purposes of our analysis, we will consider whether Coker acted in good faith in making a report of a violation of the law. *See* TEX. GOV'T CODE ANN. § 554.002(a). Thus, we view the City's plea as challenging the jurisdictional facts. *See Miranda*, 133 S.W.3d at 227. In so doing, we look at any evidence the parties have submitted to resolve the jurisdictional inquiry. *Id.*; *Blue*, 34 S.W.3d at 555; *Sw. Pharmacy Solutions*, 408 S.W.3d at 556.

To properly analyze this issue, we must first turn our attention to the evidence that was produced in the trial court. According to the record before this Court, the trial court had before it the affidavit of the City Manager for Fritch, Bobby Lamb. Lamb's affidavit had several exhibits attached to it. Of import for our consideration are Exhibits 4 and 5, which are, respectively, the administrative warrant and return signed by the municipal judge applicable to the Gariepy property, and the minutes of the City Council meeting of March 28, 2012. Also, the trial court had Coker's affidavit, as a part of his response to the plea to the jurisdiction. From the chronology of events, it is readily apparent that the trial court weighed these evidentiary matters prior to rendering its decision. However, in order to consider Coker's affidavit, we must consider the City's allegations that the trial court erred when it did not rule upon its objections to portions of the affidavit.

7

The City made two types of objections to different portions of Coker's affidavit. They objected to some paragraphs on the basis of hearsay, lack of relevancy, and lack of a proper foundation. The City admits that these are form objections to the affidavit. *See S & I Mgmt., Inc. v. Choi*, 331 S.W.3d 849, 855 (Tex. App.—Dallas 2011, no. pet.). When one party lodges an objection of form to this type of evidence, it is incumbent on that party to obtain a ruling in order to preserve the issue for appeal. *See id.* However, in the case before the Court, the City did not obtain a ruling from the trial court, therefore, nothing is preserved for review. *See* TEX. R. APP. P. 33.1(a)(2).

The second type of objection presented by the City to Coker's affidavit was that certain specified sections were conclusory, either factually or legally, and as such were substantive defects. *See Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Trust I,* 331 S.W.3d 500, 507 (Tex. App.—El Paso 2010, no pet.). Substantive defects may be raised for the first time on appeal. *See id.* The vice of a conclusory statement is that it does not provide the underlying facts to support the conclusion offered. *See Weech v. Baptist Health Sys.,* 392 S.W.3d 821, 826 (Tex. App.—San Antonio 2012, no pet.).

We will address the following specific portions of Coker's affidavit[6] that the City objected to as being substantively defective:

4) ". . . Lamb lied to the City Council about completion of the Gariepy paperwork."

6) ". . . I spoke with Ms. Gariepy and was informed that the correct procedures had not been followed regarding the City Council meeting

---

[6] The references to paragraph numbers refer to the paragraphs contained in Coker's affidavit.

appeal for Ms. Gariepy and we in fact were not legally permitted to be on her property."

6) "I advised Lamb that we would vacate the property, as we were violating Ms. Gariepy's civil rights by unlawfully trespassing.

As to paragraph 4 of Coker's affidavit, our review of the record fails to find any reference to what specifically Lamb told the City Council. Only a general allusion to a subject matter, "completion of the Gariepy paperwork," is included in the record. From this small snippet of information, Coker opines that the City Manager lied about some aspect of the Gariepy appeal of the administrative order. Yet, this opinion is not supported by anything else in the record. It is a conclusory opinion and nothing more. *See Rockwall Commons Assocs., Ltd., 331 S.W.3d at 507*.

In paragraph 6 of his affidavit, Coker makes two statements that are the crux of his claim of having made a good faith report of a violation of the law. *See* TEX. GOV'T CODE ANN. § 554.002(a). First, Coker claims he was informed that the correct procedures had not been followed regarding the appeal of the Gariepy abatement. Yet, nowhere in the record are we provided either information about what the defect was, what the proper procedures were, or even why Gariepy makes such a claim. This issue is nothing more than Coker's factual and legal conclusion. *See Weech,* 392 S.W.3d at 826. The same can be said of the last conclusion contained in paragraph 6. Nowhere in the record do we find more than Coker's naked opinion that the police were on the property illegally. *See id.* Because these are substantive defect objections, we are called upon to decide whether there are any facts upon which we could say that the trial court had jurisdiction. *See City of Elsa v. Gonzalez*, 325 S.W.3d 622, 626 (Tex. 2010). As conclusory statements without any underlying factual basis in the record, they raise

9

no issue of fact that would, as a matter of law, support the conclusion that the trial court had jurisdiction. *See id.*

Additionally, the trial court had before it the City's evidence, the affidavit of Lamb. Lamb's affidavit contained two exhibits that bear on the issue of jurisdiction. First, the administrative warrant and return on the Gariepy property are before us. These documents provide an indicia of legitimacy for the action of the City. Next, the minutes of the City Council meeting are also contained in the record. Again, these carry no indication of impropriety on the part of the City. These two pieces of information are some evidence that the police were on the Gariepy property legally.

All of the conclusory statements in Coker's affidavit and the evidence presented by the City go to the issue of whether Coker could have formed a good faith belief that the City was, by his action of being on the Gariepy property, violating the law, specifically, committing a trespass on the Gariepy property. Inasmuch as that question is driven directly by the evidence before the trial court, and we have determined that Coker's conclusory statements present no evidence, we are bound to further find that Coker did not make a good faith report of a violation of the law by his employer, the City of Fritch. *See* TEX. GOV'T CODE ANN. § 554.002(a). Therefore, the trial court erred when it denied the City's plea to the jurisdiction. Because of our conclusion regarding this issue, we need not address any of the other issues raised by the City's brief. *See* TEX. R. APP. P. 47.1.

Conclusion

We vacate the trial court's order denying the plea to the jurisdiction, and dismiss Coker's lawsuit for lack of jurisdiction.


Mackey K. Hancock
Justice