

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00274-CV

Elizabeth **CERDA**,
Appellant

v.

**CROSSROADS MALL PARTNERS, LTD.** and Target Corporation,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI23683
Honorable Antonia Arteaga, Judge Presiding[1]

Opinion by:     Velia J. Meza, Justice

Sitting:        Lori I. Valenzuela, Justice
                Adrian A. Spears II, Justice
                Velia J. Meza, Justice

Delivered and Filed: February 26, 2025

AFFIRMED

Elizabeth Cerda appeals a summary judgment rendered against her and in favor of

Crossroads Mall Partners, Ltd. and Target Corporation (Crossroads). Crossroads filed a combined

traditional and no-evidence summary judgment motion on August 29, 2023. Crossroads set the

matter for a hearing on October 30, 2023, and notified Cerda of the same. On the date of the hearing

on Crossroads' motion, Cerda did not appear at the hearing. Cerda did not file a written response

to the motion for summary judgment. The trial court granted Crossroads' motion and rendered

---

[1] Judge Tina Torres granted Crossroads Mall Partners' no-evidence motion for summary judgment on October 30, 2023. Judge Tina Torres also heard and denied Elizabeth Cerda's several post-judgment motions. However, the formal severance order causing the summary judgment to become final was signed by Judge Arteaga on March 8, 2024.

summary judgment against Cerda the day of the hearing. According to Cerda, she received a copy of the ruling in early January 2024 and immediately filed several motions attacking the summary judgment determination. On March 8, 2024, the summary judgment order became final after Cerda's claims against a third-party insurance provider were severed. Cerda filed a motion for new trial on April 12, 2024. The trial court denied the motion.

In two issues on appeal, Cerda argues (1) the trial court erred in granting Crossroads' summary judgment motion, and (2) the trial court erred in denying her motion for new trial. We affirm.

NO–EVIDENCE SUMMARY JUDGMENT

Cerda filed suit against Crossroads on December 18, 2018, asserting premises liability and negligence claims after she was injured tripping on a speedbump with a protruding nail in a parking lot. Cerda amended her petition seven times, eventually adding a third defendant, Traveler's Indemnity Company. Cerda additionally sought a permanent injunction instructing Crossroads to comply with municipal codes and ordinances. Crossroads filed a no-evidence summary judgment motion on August 29, 2023, asserting Cerda had no evidence (1) that the speedbump was an unreasonably dangerous condition; (2) that Crossroads breached a duty owed to Cerda; (3) that Crossroads' alleged breach was the proximate cause of Cerda's damages; and (4), in connection with the request for injunctive relief and negligence *per se* causes of action, that Crossroads violated any statutes or ordinances.

On appeal, Cerda argues that Crossroads' motion for summary judgment raises a fact issue as to the condition of the parking lot, thus, she contends, the trial court should have denied the motion.

A no-evidence motion for summary judgment is essentially a motion for pretrial directed verdict. *See* TEX. R. CIV. P. 166a(i); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex.

2003). The trial court "must grant" the motion unless the non-movant produces summary judgment evidence to raise a genuine issue of material fact on the issues the movant has raised. TEX. R. CIV. P. 166a(i). We review a summary judgment for evidence "that would enable reasonable and fair-minded jurors to differ in their conclusions." *First United Pentecostal Church v. Parker*, 514 S.W.3d 214, 220 (Tex. 2015). No-evidence summary judgment should be affirmed when "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 589 (Tex. 2015) (quoting *King Ranch*, 118 S.W.3d at 751).

It is undisputed Cerda did not file a response to Crossroads' no-evidence motion before the summary judgment hearing, and Cerda did not appear at the hearing. Because the rules provide that the trial court "must grant" Crossroads' no-evidence motion unless Cerda presented evidence to raise a genuine issue of material fact on the issues Crossroads presented and Cerda did not respond with any evidence, we conclude the trial court did not err in granting the motion and rendering judgment against Cerda.[2]

## MOTION FOR NEW TRIAL

Following the hearing, Cerda filed three motions seeking to set aside the summary judgment. In these motions, Cerda argued Crossroads' traditional summary judgment evidence raised a fact issue as to (1) the allegedly improper lighting in the parking lot, (2) the change in elevation caused by the speedbump that Cerda tripped over, and (3) the existence of a nail in the

---

[2] We reject the argument that the evidence in Crossroads' traditional motion for summary judgment may raise a fact issue sufficient to defeat its no-evidence motion under Rule 166a(i). "If a nonmovant wishes to assert that, based on the evidence in the record, a fact issue exists to defeat a no-evidence motion for summary judgment, he must timely file a response to the motion raising this issue before the trial court." *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing TEX. R. CIV. P. 166a(i)).

speedbump. Cerda made no attempt to produce summary judgment evidence to raise an issue of material fact on the no-evidence grounds raised by Crossroads in these motions. The trial court denied Cerda's motions.

On April 12, 2024, Cerda filed a motion for new trial[3] seeking relief under *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). Cerda attached an expert report to her motion. The expert report purports to establish that the speedbump's condition was a "substantial trip and fall hazard," and that Crossroads should have discovered the condition through routine inspections.

The denial of a motion for new trial is generally reviewed under an abuse of discretion standard. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). A trial court abuses its discretion when its action is arbitrary, unreasonable, or "without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985).

The parties dispute whether the test laid out in *Craddock* should apply to a motion for new trial attacking a default summary judgment. *See B. Gregg Price, P.C. v. Series 1 - Virage Master LP*, 661 S.W.3d 419, 422 (Tex. 2023) (observing that "a complaining party who has redress under the rules of civil procedure before a summary-judgment hearing cannot avail itself of the equitable new-trial remedy found in *Craddock*"). Under *Craddock*, a trial court abuses its discretion by denying a motion for new trial following a default judgment if the motion (1) shows the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to mistake or an accident; (2) sets up a meritorious defense; and (3) is filed

---

[3] This motion for new trial was filed more than thirty days after the summary judgment order became final. *See* TEX. R. CIV. P. 329b(a). Cerda argues she made a bona fide attempt to file this motion within thirty days. We do not address Cerda's contentions because we treat her earlier motions to set aside as premature—but timely—motions for new trial. *See Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 665–66 (Tex. 2011) (premature motion for new trial is effective as to later-signed judgment to the degree the motion complains of error in that judgment). With a timely-filed motion for new trial, the trial court retained plenary power to rule on the April 12, 2024 motion. TEX. R. CIV. P. 329b (if a party timely files a motion for new trial, the trial court retains plenary power to rule on the motion up to 105 days after the judgment is signed).

at a time when the granting thereof will occasion no delay or otherwise work an injustice to the plaintiff. *Id*. When the nonmovant discovers its mistake after a hearing or ruling on a no-evidence motion for summary judgment, this court has held that a modified *Craddock* test should apply. *See Weech v. Baptist Health Sys.,* 392 S.W.3d 821, 825–26 (Tex. App.—San Antonio 2012, no pet.) (citing *Carpenter,* 98 S.W.3d at 686). Under this modified test, to set up a meritorious defense, the party requesting a motion for new trial must present evidence sufficient to raise a genuine issue of material fact on the issues the opponent has raised in their summary-judgment motion. *Id*. at 825.

We first review the record for evidence showing when Cerda discovered her mistake: before or after the summary-judgment hearing held on October 30, 2023. Cerda contends her "mistake" consisted of (1) her counsel filing two vacation letters in the wrong cause numbers on October 5, 2023 and (2) her counsel believing these letters rendered the hearing setting "improper." According to her motion for new trial, Cerda was served with notice of the October 30, 2023 hearing the same day she filed the vacation letters. Cerda's counsel attests that his staff did not calendar the hearing due to the filing of the vacation letters and that counsel discovered this mistake approximately two months after the hearing. Following this discovery, Cerda's counsel subsequently filed motions for reconsideration and a motion for new trial.

Because Cerda's counsel did not discover his mistakes until after the summary judgment hearing, we conclude the modified *Craddock* test as stated in *Weech* should apply. *See Weech*, 392 S.W.3d at 825–26; *see also In re Marriage of Sandoval*, 619 S.W.3d 716, 723 (Tex. 2021) (holding *Craddock* applied where defendant mistakenly believed his separate property would be unaffected by divorce and child custody proceedings).

*Meritorious Defense Under Modified Craddock Test*

We address only the second prong of the modified *Craddock* test because it is dispositive. We evaluate whether the summary-judgment evidence attached to, or referenced by, Cerda's four

post-summary judgment motions raises a genuine issue of material fact as to each element challenged by the no-evidence motion. *Weech*, 392 S.W.3d at 825.

Cerda's evidence consisted of a video showing her fall,[4] excerpts from her deposition testimony, and an expert report prepared by a civil engineer. In its no-evidence motion, Crossroads attacked, among other things, the unreasonable risk of harm element of Cerda's premises liability claim and the breach of duty element of her negligence claim.[5] Cerda was required to respond with competent summary judgment proof.

Cerda argued in her motion for new trial the following testimony raised a fact issue as to negligence:

> Counsel: So after this happened, after the fall, if I looked at your boot I would be able to see damage?
> Cerda: Yeah.
> Counsel: From the nail?
> Cerda: From the nail, yeah. It damaged it a little bit.
> . . .
> Counsel: Okay. As you approached the speed bump did you see the nail?
> Cerda: No.
> Counsel: It is my – is it correct for me to say that you saw the nail after your fall?
> Cerda: Yes.
> Counsel: Okay. Did the nail damage your shoe?
> Cerda: Yeah. It tore a little bit from the nail, where it got stuck with the nail.
> Counsel: Okay. And so that at the front of the shoe?
> Cerda: Right.
> . . .
> Counsel: Okay. Just trying to make sure I cover everything. Okay. Have you been back to this Target since the fall?
> Cerda: I went a while back and they changed the speed bumps.

---

[4] The appellate record does not include the video referenced by Cerda. However, Crossroads' motion for summary judgment includes several screenshots and a description of the video.

[5] To recover for premises liability, a plaintiff must establish: (1) the defendant knew or should have known of some condition on the premises; (2) the condition posed an unreasonable risk of harm, was defective or not working properly; (3) the defendant did not exercise reasonable care to reduce or eliminate the risk; and (4) the defendant's failure to use such care proximately caused the plaintiff's injuries. *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 296 (Tex. 1983). To have a claim for negligence, a plaintiff must prove: (1) a duty owed to the plaintiff, (2) a breach of that duty by the defendant, and (3) damages proximately caused by the breach. *First Assembly of God, Inc. v. Tex. Utilities Elec. Co.,* 52 S.W.3d 482, 491 (Tex. App.—Dallas 2001, no pet.).

This testimony is probative only of the existence of a protruding nail in the speedbump and that Crossroads replaced the speedbump after Cerda's fall. But evidence that Crossroads replaced the speedbump is inadmissible to prove Crossroads' negligence and thus is not competent summary judgment proof. *See* TEX. R. EVID. 407(a) (evidence of subsequent remedial measure is not admissible to prove negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction); *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 214 (Tex. 2015).

Cerda's expert report purports to establish the speedbump's condition was a "substantial trip and fall hazard," and that Crossroads should have discovered the condition through routine inspections. The expert report estimates the speedbump in question was installed "sometime between October 2014 and March 2016," discusses the necessity of regular inspections, and conspicuous markings warning pedestrians about the presence speedbump. The report concludes that "[h]ad proper inspection policies and procedures been in place and followed by trained personnel the subject trip and fall more likely than not would have not occurred."

A party properly places summary judgment proof before the trial court by requesting judicial notice of evidence already in the record or by incorporating evidence in the party's motion. *Steinkamp v. Caremark,* 3 S.W.3d 191, 194 (Tex. App.—El Paso 1999, pet. denied). Conclusory statements are not proper as summary judgment proof if there are no facts to support the conclusions. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).

There is no factual basis in the evidence proffered by Cerda for the conclusion that Crossroads knew or should have known about the condition of the speedbump, or that the speedbump's condition posed an unreasonable risk of harm. "Reasonable invitees know that parking lots are not perfectly flat and even, and they use caution when exiting their vehicles." *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 803 (Tex. 2022). Cerda produced no evidence regarding Crossroads' inspection practices or its failure to adhere to them. Instead,

Cerda's deposition testimony reflects the speedbump was clearly marked and the expert report relies on screenshots showing a clearly marked pedestrian pathway leading around the speedbumps.

Cerda's motion for new trial failed to present evidence raising a fact issue on the grounds identified in Crossroads' no-evidence summary judgment. The trial court did not err by denying Cerda's motion for new trial.

## CONCLUSION

We conclude the trial court did not err in granting Crossroads' no-evidence summary judgment motion and rendering judgment against Cerda when the record is clear Cerda filed no response and did not attend the hearing; therefore, providing no evidence to raise a genuine issue of material fact on the issues Crossroads raised. Finally, Cerda did not present evidence raising a genuine issue of material fact in her motion for new trial. Therefore, we affirm.

Velia J. Meza, Justice