Opinion filed August 7, 2025



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00181-CV

_____

## KENNETH DAVID HUDSON, JR. AND TASHA N. HUDSON, Appellants

## V.

## MORRIS BANDA, Appellee

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 024840**

## M E M O R A N D U M   O P I N I O N

Appellants Kenneth David Hudson, Jr. and Tasha N. Hudson appeal from the trial court's order granting Appellee Morris Banda's amended motion for summary judgment. Appellants assert in three issues that (1) the trial court erred by denying their motion for new trial, (2) the trial court erred by granting Appellee's no-

evidence motion for summary judgment, and (3) the trial court erred by granting Appellee's traditional motion for summary judgment. We affirm.

*Background Facts*

This case involves a dispute over ownership of real property. On March 9, 2017, Ollie L. Sutton and Billie C. Sutton conveyed to Appellants approximately 179 acres of land contiguous to Appellee's land. Appellants obtained a survey of the property at the time of the purchase. Believing that Appellee claimed ownership to approximately eight acres of the property that they purchased, Appellants brought a cause of action for trespass to try title against Appellee on October 10, 2019. Appellee answered and asserted counterclaims for trespass to try title, quiet title, and, alternatively, trespass to try title by adverse possession.

On November 1, 2021, Appellee filed a traditional motion for summary judgment. In the motion, Appellee asserted that there had been an error in a previous survey that incorrectly added four acres to the tract of land eventually purchased by Appellants. Appellee supported this assertion with an expert report from a surveyor. Appellee requested the trial court to quiet title to the disputed tract in his favor.

The trial court signed an order setting a hearing on Appellee's initial motion for summary judgment. Appellants subsequently filed a motion for continuance for the hearing, which the trial court granted. Appellants then filed a motion to strike Appellee's summary judgment evidence and filed a response to the motion for summary judgment. Appellants contended that there was a genuine issue of material fact as to the ownership of the disputed property.

Appellee filed an amended motion for summary judgment on March 13, 2023, which the trial court set for a hearing on April 28, 2023. Appellee added a no-evidence ground to his amended motion for summary judgment. Appellants did not

respond to the amended motion for summary judgment, and they did not appear at the hearing.

The trial court granted Appellee's amended motion for summary judgment. Specifically, the trial court granted Appellee's no-evidence motion for summary judgment as to Appellants' trespass-to-try-title claim, and it granted Appellee's traditional motion for summary judgment on Appellee's counterclaims for quiet title and trespass to try title. The trial court decreed in its order that there was "an error in the metes and bounds description within [Appellants'] chain of title that erroneously expand[ed] their property by approximately 4 acres ("Disputed Property"), thus encroaching on [Appellee's] property." The trial court ordered that Appellee was vested with title and possession of the disputed property and it gave a detailed description of the property in its summary judgment order.

Appellants filed a motion for new trial wherein they asserted that trial counsel inadvertently failed to respond to the motion for summary judgment and appear at the hearing. Appellants' counsel stated in the motion that his co-counsel's e-mail address was "incorrectly entered in the electronic filings," but he acknowledged that his own e-mail address was correctly entered. Counsel further stated in the motion that he did not "download recent filings incorrectly thinking they would be downloaded, etc., from [co-counsel's] email address in that they share a legal assistant." Appellants further argued that they had a meritorious defense, and they could "raise issues of material fact that would preclude the entry of a [s]ummary [j]udgment." However, Appellants' motion for new trial was unsworn and it was not supported by any affidavits. Appellants' motion for new trial was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

*Analysis*

In their first issue, Appellants assert that the trial court erred by denying their motion for new trial. We review a trial court's decision to deny a motion for new trial under an abuse-of-discretion standard. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam). A trial court abuses its discretion when its action is arbitrary, unreasonable, or "without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Appellants contend that the trial court's order granting Appellee's motion for summary judgment was entered by default and should be set aside. They assert that they were entitled to a new trial under the standards set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939).

In the case of a default judgment, a trial court abuses its discretion by not granting a new trial when the defaulting party *establishes* all three elements of the *Craddock* test. *Dolgencorp*, 288 S.W.3d at 925. Under *Craddock*, the trial court should grant a new trial when the motion (1) shows the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to mistake or an accident; (2) sets up a meritorious defense; and (3) is filed at a time when the granting thereof will occasion no delay or otherwise work an injustice to the plaintiff. *Id.* at 925–26 ("When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial." (citing *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994))). The *Craddock* test has been applied when a judgment is entered in a "default" summary judgment context. *Weech v. Baptist Health Sys.*, 392 S.W.3d 821, 825 (Tex. App.—San Antonio 2012, no pet.).

4

Appellants first contend that their failure to respond to the amended motion for summary judgment was not intentional or the result of conscious indifference but rather was a mistake or accident. Appellants asserted in their motion for new trial that one attorney did not receive the filings because of an incorrect e-mail address and that the other attorney did not download the filings mistakenly believing that the legal assistant had done so. However, Appellants' motion for new trial is unverified, unsworn, and unsupported by affidavits or other admissible evidence. Under *Craddock*, Appellants "had to (1) allege facts and attach affidavits to a verified motion to set aside the default judgment that would meet the three *Craddock* requirements or (2) present evidence at the hearing on [their] motion that met those requirements."[1] *See Pickell v. Guar. Nat. Life Ins. Co.*, 917 S.W.2d 439, 443 (Tex. App.—Houston [14th Dist.] 1996, no writ) (first citing *Craddock*, 133 S.W.2d 126; and then citing *Ivy v. Carrell*, 407 S.W.2d 212, 214–15 (Tex. 1966)). Unverified factual allegations in a defaulting party's motion for new trial cannot be used to establish that the failure to file an answer was not intentional or the result of conscious indifference. *Wiseman v. Levinthal*, 821 S.W. 2d 439, 442 (Tex. App.—Houston [1st Dist. 1991, no writ).

Appellants further contend that they have a meritorious defense and that they can raise issues of material fact that would preclude summary judgment. In *Weech*, the Fourth Court of Appeals modified the *Craddock* test in the summary judgment context to require the defaulting party in a motion for new trial to set up a meritorious defense by alleging facts and bringing forth summary judgment proof sufficient to raise a genuine issue of material fact on the issues the opponent raised in its traditional and no-evidence summary judgment motion. *Weech*, 392 S.W.3d at 825. Other courts have adopted this modified approach to applying *Craddock* in the

---

[1]The record does not indicate that a hearing occurred on Appellants' motion for new trial. As noted previously, the motion was overruled by operation of law.

summary judgment context.  *See Garcia v. Tex. Integrity Homes, LLC*, No. 05-24-00049-CV, 2025 WL 1547740, at *2 (Tex. App.—Dallas May 30, 2025, no pet.) (mem. op.); *Varady v. Gyorfi*, No. 09-15-00237-CV, 2016 WL 1468859, at *5 (Tex. App.—Beaumont Apr. 14, 2016, no pet.) (mem. op.)).  We agree with the reasoning expressed by the court in *Weech* that a defaulting party seeking relief under *Craddock* to a summary judgment must present summary judgment proof with its motion for new trial to raise a material issue of fact.  392 S.W.3d at 825–26.

The motion for new trial must allege facts which would constitute a defense to the cause of action and must be supported by affidavits or other evidence.  *See Ivy*, 407 S.W.2d at 214.  Appellants unverified motion for new trial did not allege facts or bring forth any summary judgment proof.  *See Weech*, 392 S.W.3d at 825–26.  The motion merely stated that they "can raise issues of material fact."

Because Appellants did not *establish* the first two elements of the *Craddock* test with sufficient proof, the trial court did not abuse its discretion in denying their motion for new trial.  We overrule Appellants' first issue.

In their second and third issues, Appellants assert that the trial court erred by granting Appellee's no-evidence and traditional motion for summary judgment.  The trial court granted Appellee's no-evidence motion for summary judgment as to Appellants' trespass-to-try-title claim and granted Appellee's traditional motion for summary judgment as to Appellee's counterclaims for quiet title and trespass to try title.

We review the trial court's grant of summary judgment de novo.  *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)).  Generally, if a party moves for summary judgment on both traditional and no-evidence grounds, we first consider

6

the no-evidence motion.  *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017).

After an adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial.  TEX. R. CIV. P. 166a(i).  We review a no-evidence motion for summary judgment under the same legal sufficiency standard as a directed verdict.  *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).  Under this standard, the nonmovant has the burden to produce more than a scintilla of evidence to support each challenged element of its claims.  *Id.*  Evidence is no more than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" of a fact.  *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

A party moving for traditional summary judgment bears the burden of proving that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017).  To be entitled to a traditional summary judgment, a defendant must conclusively negate at least one essential element of the cause of action being asserted or conclusively establish each element of an affirmative defense.  *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).  Evidence is conclusive only if reasonable people could not differ in their conclusions.  *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).  If the movant initially establishes a right to summary judgment on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude summary judgment.  *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

Appellants contend that Appellee did not specifically state the element or elements that formed the basis for his no-evidence motion. The plaintiff in a trespass-to-try-title action is required to prove its title by proving (1) a regular chain of conveyances from the sovereign to the plaintiff, (2) a superior title to that of the defendant out of a common source, (3) title by limitations, or (4) prior possession that has not been abandoned. *Brumley v. McDuff*, 616 S.W.3d 826, 832 (Tex. 2021); *Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994). A plaintiff in a trespass-to-try-title action must "prevail on the superiority of his title, not on the weakness of a defendant's title." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citing *Land v. Turner*, 377 S.W.2d 181, 183 (Tex. 1964)).

With reference to his no-evidence motion for summary judgment, Appellee stated in his amended motion that Appellants' property was erroneously enlarged by four acres due to an error on the metes and bounds legal description. Appellee further stated that, because prior warranty deeds contained an erroneous legal description, Appellants' claim to title to the disputed property is invalid and they have "no evidence of their entitlement to the entire 179.88 acres of land through a regular chain of conveyance." Therefore, Appellee specifically stated the element for which he formed the basis for his no-evidence motion—that Appellants had no evidence of superior title. *See Martin*, 133 S.W.3d at 265.

Without a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i). TEX. R. CIV. P. 166a(i); *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.). "If a nonmovant wishes to assert that, based on the evidence in the record, a fact issue exists to defeat a no-evidence motion for summary judgment, he must timely file a response to the motion raising this issue before the trial court." *Landers*, 257 S.W.3d at 746 (citing TEX. R. CIV. P. 166a(i)).

Here, Appellants did not file a response to the no-evidence motion for summary judgment. Further, Appellants did not submit any summary judgment evidence in response to Appellee's original motion for summary judgment. Because Appellants did not file a response to the no-evidence motion for summary judgment, the trial court did not err by granting it. We overrule Appellants' second issue.

Moreover, the trial court did not err in granting Appellee's traditional motion for summary judgment. In his amended motion for summary judgment, Appellee specifically detailed both his chain of title and Appellants' chain of title to the common source. Appellee included as summary judgment evidence the prior warranty deeds on the property, and he noted that there was an erroneous legal description enlarging the property eventually purchased by Appellants. Appellee included as summary judgment evidence the expert report of Paul Kwan, who concluded that a prior survey contained an error enlarging the property purchased by Appellants.[2] Kwan specifically identified an error in a prior legal description in Appellants' chain of title that caused their property to be enlarged. Because of the error, Security State Bank erroneously conveyed a 179-acre tract to the Suttons when the bank only owned a 175-acre tract. The Suttons then erroneously conveyed a 179-acre tract to Appellants rather than the correct 175-acre tract. The four acres encroached on Appellee's 13.12-acre tract that he obtained from John H. Hancock in 2011. Thus, Appellee proved his counterclaims to ownership of the disputed property by competent summary judgment evidence.

Because Appellee established his right to traditional summary judgment, the burden shifted to Appellants to present to the trial court any issues or evidence that

---

[2]Appellants contend that "Kwan's report does not qualify him as an expert in chain of title." However, Kwan is a registered professional land surveyor, and as such, he was qualified to evaluate prior surveys and opine on erroneous surveys and property descriptions.

would preclude summary judgment. *See Clear Creek*, 589 S.W.2d at 678–79. Appellants did not present any summary judgment evidence as to ownership of the disputed property that raised a material fact issue that would preclude summary judgment. Therefore, the trial court did not err in granting Appellee's traditional motion for summary judgment. We overrule Appellants' third issue.

*This Court's Ruling*

We affirm the trial court's order.


JOHN M. BAILEY

CHIEF JUSTICE


August 7, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.