In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-20-00128-CV
_____

EDGAR DUARTE, Appellant

V.

BROOKAYE PARTNERSHIP LTD D/B/A
HUNTINGTON BROOK APARTMENTS, Appellee

On Appeal from the 101st District Court
Dallas County, Texas
Trial Cause No. DC-18-03183

## MEMORANDUM OPINION

Relying mainly on his claim that he wasn't notified of the hearing on Brookaye's no-evidence motion for summary judgment, Edgar Duarte argues that a judgment rendered by an associate judge who granted Brookaye Partnership Limited d/b/a Huntington Brook Apartments' motion for summary judgment should be reversed. Because we conclude

1

the arguments Duarte presents to support his issues lack merit, we will affirm.

Background

In a premises-liability suit, Duarte alleged he was injured when he slipped and fell on some steps outside an apartment he alleged was owned, occupied, or controlled by Brookaye Partnership Ltd. (Brookaye). Over a year after Duarte sued, Brookaye filed a no-evidence motion for summary judgment. In its motion, Brookaye asserted Duarte could produce no evidence establishing issues of material fact existed on four of the five elements required to prove his premises-liability claim. Duarte's attorney didn't file a timely response to Brookaye's no-evidence motion.

On October 10, 2019, Brookaye scheduled its motion for summary judgment for a hearing before Judge Sheryl McFarlin, an associate judge.[1] The hearing was scheduled to occur at 10 a.m. on October 31 in a courtroom that is designated in the Notice of Hearing. The Notice of

---

[1]*See* Tex. Gov't Code Ann. § 54A.106(a) (with exceptions not relevant here, the judge of a court with full or part-time associate judge may "refer any civil case or portion of a civil case to an associate judge for resolution"). The parties do not dispute that this case was referred to the associate judge by Staci Williams, the judge of the 101st District Court.

2

Hearing reflects that Brookaye's attorney certified he served it on Duarte's attorney through the automated filing manager for the Dallas court system, EFILETEXAS.gov, at the email address that Duarte's attorney had on file in that system.

On October 31, Judge McFarlin conducted the hearing on Brookaye's no-evidence motion. Because Duarte's attorney didn't produce any evidence in response to the motion, it was granted and Judge McFarlin signed an order dismissing Duarte's claims against Brookaye "with prejudice[.]" On November 11, by motion, Duarte requested a de novo hearing before Judge Staci Williams, the judge of the 101st District Court who had referred Duarte's case to Judge McFarlin, the associate judge. Duarte's notice alleged he wasn't notified of the summary judgment hearing conducted on Brookaye's motion for summary judgment.[2] On November 21, Duarte's attorney also filed a motion requesting that Duarte be granted a new trial. In that motion, Duarte

---

[2]*See id.* § 54A.115(b) ("A request for a de novo hearing under this section must specify the issues that will be presented to the referring court. The de novo hearing is limited to the specified issues."). When he requested the de novo hearing, Duarte's attorney acknowledged he received the notice of order Judge McFarlin signed dismissing Duarte's case on November 4.

3

alleged that his attorney's failure to attend the hearing was not intentional but resulted from an accident or a mistake. According to Duarte's Motion for New Trial, the accident and mistake by his attorney resulted because his attorney failed to calendar the hearing on Brookaye's motion.[3]

Brookaye filed evidence to support its response to the claim of Duarte's attorney that he wasn't notified of the hearing on its no-evidence motion for summary judgment. In its response, Brookaye argued that Duarte's attorney was notified of the summary-judgment hearing through the automated Texas efile system at the email address he had listed on the Plaintiff's Original Petition.

We note that on an issue the party specified in a notice requesting a de novo hearing, Texas law requires the court that referred the case to the associate judge to "hold a de novo hearing not later than the 30th day after the date the initial request for a de novo hearing was filed with the

---

[3]Duarte attached no evidence to his motion for new trial to support the allegation of his attorney that the hearing wasn't placed on his calendar.

clerk of the referring court []."[4] It's undisputed that the hearing did not occur within the thirty-day period the statute requires.[5]

In February 2020, a visiting judge—sitting by assignment for the 101st District Court—conducted a hearing on Duarte's motion for new trial. After the hearing, the visiting judge (Judge Ted Akin) denied Duarte's motion for new trial. A few weeks later, Duarte filed a notice of appeal with the Fifth District Court of Appeals. Based on its authority to equalize the appellate dockets, the Texas Supreme Court later transferred the appeal from the Fifth District Court of Appeals to the Ninth District Court of Appeals.[6]

After the case was transferred, we determined that Duarte was entitled to a de novo hearing before Judge Williams on the issue he had specified in his notice requesting a de novo hearing from Judge McFarlin's ruling.[7] We abated the appeal to allow the parties an

---

[4]*Id.* § 54A.115(e).
[5]*Id.*
[6]*See id.* § 73.001.
[7]*See Town of Highland Park v. McCullers*, 646 S.W.3d 578, 582-83 (Tex. App.—Dallas 2021, no pet.); *see also* Tex. R. App. P. 44.4(a)(2).

opportunity to obtain a signed order by Judge Williams following the de novo hearing required by Government Code section 54A.115(e).[8]

On July 26, 2022, Judge Williams conducted the de novo hearing required by Chapter 54A. The parties appeared through their attorneys for the hearing. Following the hearing, Judge Williams signed an order and found that Duarte's attorney "received notice of the October 31, 2019, summary judgment hearing." Following the de novo hearing, Judge Williams also did not alter the order Judge McFarlin signed granting Brookaye's no-evidence motion for summary judgment.[9] After the district clerk filed a supplemental clerk's record, we reinstated the appeal.

On appeal, Duarte argues:

(1) The judgment should be reversed because Judge Williams failed to conduct a de novo hearing on Judge McFarlin's ruling on Brookaye's no-evidence motion for summary judgment;
(2) Judge Ted Akin erred in denying Duarte's motion for new trial;
(3) Judge McFarlin erred in granting Brookaye's motion for summary judgment;
(4) The order of dismissal signed by Judge McFarlin doesn't function as a final judgment because it was never signed by Judge Williams, the judge of the 101st District Court; and
(5) The judgment isn't final because it doesn't dispose of all parties and claims.

---

[8] Tex. Gov't Code Ann. § 54A.115(e).

[9] *McCullers*, 646 S.W.3d at 583 (treating appeal as premature until the associate judge's order is ratified in a de novo hearing by the district court).

6

Analysis

*Jurisdiction*

We address Duarte's jurisdictional issues first since if he were to prevail on these issues, we would be required to dismiss his appeal.

In issues four and five, Duarte contends the judgment from which he appeals isn't final, and because of that it isn't an appealable judgment. With exceptions that don't apply to Duarte's appeal, an appellate court's jurisdiction is limited to considering appeals from judgments that are final, which requires a judgment that disposes of all parties and claims.[10]

In his fourth issue, Duarte argues the order of dismissal signed by Judge McFarlin doesn't function as a final judgment because it was never signed by Judge Williams. Indeed, no one disputes that Judge Williams' signature isn't on the order dismissing Duarte's case. That said, the record doesn't show that Duarte objected when Judge Williams referred Duarte's case to Judge McFarlin, an associate judge. Under Texas law, Duarte's failure to object to the referral of his case to Judge McFarlin

---

[10]Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (providing parties with a right to appeal from final judgments in civil cases); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001).

7

authorized Judge McFarlin to decide matters referred to her on their merits.[11] Section 54A.106(b) states:

> Unless a party files a written objection to the associate judge hearing a trial on the merits, the judge may refer the trial to the associate judge. A trial on the merits is any final adjudication from which an appeal may be taken to a court of appeals.[12]

To be sure, Duarte's attorney did request a de novo hearing on Judge McFarlin's ruling after Judge McFarlin granted Brookaye's motion. And Duarte's attorney filed his request for the de novo hearing within seven days of learning that Judge McFarlin had dismissed Duarte's case.[13] Yet the notice Duarte filed requesting a de novo hearing didn't ask Judge Williams to conduct another hearing on Brookaye's no-evidence motion. And there is a good reason it didn't: Duarte filed no response and without a response containing summary-judgment evidence sufficient to raise fact issues on his premises liability claim, rule 166a(i) of the Rule of Procedure required the court to "grant the

---

[11]Tex. Gov't Code Ann. § 54.106 (Cases That May Be Referred).
[12]*Id.*

[13]*See* Tex. R. App. P. 44.(a)(1) ("No judgment may be reversed on appeal on the ground that the trial court made and err of law unless the court of appeals concludes that the error complained of . . . probably caused the rendition of an improper judgment[.]"); Tex. Gov't Code Ann. § 54A.115 (De Novo Hearing).

motion."[14] So since the record revealed he had not responded to Brookaye's no-evidence motion, Brookaye's attorney apparently elected to identify the issue he wanted to be heard in the de novo hearing was whether he was properly served through his attorney with notice of the hearing that Judge McFarlin conducted on Brookaye's motion for summary judgment on October 31.

Even if Judge Williams didn't conduct the de novo hearing in a timely fashion as required by Chapter 54A, Duarte has now received the benefit of that hearing on the issue he specified in his notice. In the hearing, Judge Williams found that Duarte's attorney received notice of the October 31 hearing.[15] Judge Williams also did not change Judge McFarlin's ruling on Brookaye's motion. When an associate judge's ruling is not changed or altered by the referring court, the associate judge's order or judgment becomes "the decree of the court" by operation of law thirty-one days after the associate judge signed the judgment."[16] So when Judge Williams didn't modify, correct, reject, or reverse Judge McFarlin's ruling granting Brookaye's motion and dismissing Duarte's case, the

---

[14]Tex. R. Civ. P. 166a(i).
[15]Tex. Gov't Code Ann. § 54A.115(e).
[16]*Id*. § 54A.117.

9

order signed by Judge McFarlin became the decree of the 101st District Court.[17] For that reason, we must treat Judge McFarlin's order as the decree of the 101st District Court just as if it had been signed by Judge Williams.[18] Because the absence of Judge Williams' signature on the order does not prevent it from being final, we overrule Duarte's fourth issue.

In issue five, Duarte argues the judgment isn't final because it didn't dispose of all parties and all claims. Duarte's appeal arises from a ruling on a motion for summary judgment, a proceeding that is not a conventional trial. Generally, judgments resulting from proceedings not involving conventional trials are not final for purposes of later appeal unless they dispose of all parties and claims.[19] Notwithstanding the fact that a judgment doesn't expressly dispose of all parties that have been named in the plaintiff's petition, however, the record may still show the judgment the trial court rendered is final. For instance, a judgment that doesn't dispose of all parties may be final if the parties to the appeal fail to address whether parties who are named in the petition but who are

---

[17]*Id.*
[18]*Id.*
[19]*Lehmann*, 39 S.W.3d at 205.

not parties to the appeal were ever served, if the record shows the parties that are not before the court didn't file answers, and if the record fails to contain evidence showing the plaintiff was exercising diligence when in the trial court in attempting to have the parties who never appeared served with citations in the suit.[20]

The trial court's order disposed of Duarte's claims against Brookaye by stating: "Plaintiff's entire case against Defendant Brookaye Partnership LTD d/b/a Huntington Brook Apartment[s] is hereby dismissed with prejudice[.]" The question is whether the order functions as a final judgment by disposing of the other defendants that Duarte named in his Original Petition, Dzien Nguyen and Excel Real Estate Management Company (Excel). The record shows that Nguyen and Excel never filed answers in the suit. They are also not parties to the appeal. The record also doesn't show that Duarte ever had either of these two defendants served with citations.[21] Nor does the record show that Duarte

[20]*See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674-75 (Tex. 2004); *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962).
[21]In a motion to dismiss for want of prosecution, which Brookaye filed nineteen months after Duarte sued, Brookaye alleged that Duarte "still had not obtained service . . . or moved for substituted service" on Excel and Nguyen.

exercised diligence in attempting to have them served. In his appellate brief, Duarte never specifically mentions Nguyen or Excel, and he never explains what he did to find them or to have them served. On this record, "the case stands as if there had been a discontinuance as to [the unserved parties], and the judgment is to be regarded as final for the purposes of appeal."[22]

We conclude the order of dismissal signed by Judge McFarlin disposed of all parties and claims. Because Duarte's argument claiming the judgment didn't dispose of all parties and claims lacks merit, issue five is overruled.

*The Summary Judgment*

For convenience, we will address Duarte's third issue next. In issue three, Duarte argues Judge McFarlin erred in granting Brookaye's no-evidence motion for summary judgment. According to Duarte, Judge McFarlin erred in granting Brookaye's motion for two reasons: (1) his attorney wasn't properly notified of the hearing on Brookaye's motion, and (2) Judge McFarlin failed to consider depositions Duarte claims were on file when she ruled on Brookaye's motion.

---

[22]*Penn*, 363 S.W.2d at 232.

We review rulings granting motions for summary judgment de novo.[23] A no-evidence summary judgment motion is essentially a motion for a pretrial directed verdict.[24] "A no evidence challenge will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact."[25]

As discussed, Judge Williams found that Duarte's attorney received notice of the October 2019 hearing conducted by Judge McFarlin following the de novo hearing that occurred in July 2022. Although Duarte doesn't argue the evidence is insufficient to support Judge Williams' finding, we will explain why the evidence in the record supports Judge Williams' finding that Duarte's attorney was notified of the October 31 hearing on Brookaye's no-evidence motion for summary judgment. To start, we note Duarte's attorney merely denied receiving the Notice of Hearing in the de novo hearing, he didn't testify or file an

---

[23]*Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).
[24]Tex. R. Civ. P. 166a(i); *Merriman*, 407 S.W.3d at 248.
[25]*Merriman*, 407 S.W.3d at 248 (internal quotation omitted).

affidavit swearing to that fact. Additionally, Duarte's attorney didn't offer any explanation about why he wouldn't have received the Notice of Hearing at his email address on file with the electronic filing manager that handles documents filed in Dallas courts.[26] Based on the evidence in the clerk's record, the trial court found, "Counsel for Plaintiff Duarte received notice of the October 31, 2019, summary judgment hearing."

Rule 21a addresses the service and notice requirements for pleadings.[27] With exceptions that do not apply here, Rule 21a requires pleadings to "be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager."[28] Duarte's attorney has never claimed, testified, or presented any evidence that his email address was not on file with the electronic filing manager that handles electronic filings for Dallas courts.

Rule 21a also provides that "[a] certificate by a party or an attorney of record . . . shall be prima facie evidence of the fact of service."[29]

---

[26]*See* Tex. R. Civ. P. 21a(1), (b)(3).
[27]*See id*. 21a.
[28]*Id*. 21a(a)(1).
[29]*Id*. 21a(e).

14

Brookaye's attorney signed a certificate that he served the Notice of the October 31 hearing before Judge McFarlin under Rule 21a. The Certificate of Service raises a presumption that Duarte's attorney received the Notice of the October 31 hearing.[30] To overcome the presumption, the other party must offer evidence rebutting the presumption.[31] But here, the clerk's record includes the Notification of Service report tied to the notice of the October 31 hearing Judge McFarlin conducted on Brookaye's no-evidence motion. It shows the Notice of Hearing was served on Duarte's attorney at the same email address he listed as his address on the Plaintiff's Original Petition.[32] He never denied or testified this address was not his email address when the Notice of Hearing was served. On top of that, Duarte's attorney filed a Motion for New Trial claiming he did not appear for the hearing because he "did not calendar the hearing." But that claim implies the attorney was notified of the hearing but then neglected to place the hearing on his

---

[30]*Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005).

[31]Tex. R. Civ. P. 21a(e) ("Nothing [in Rule 21a] shall preclude any party from offering proof that the document was not received[.]").

[32]*See id*. 57 (requiring an attorney when signing pleadings to include his or her State Bar number, address, telephone number, email address, and if available, fax number).

calendar. Thus, not only does the record contain evidence supporting Judge Williams' finding that Duarte's attorney was served with the Notice of Hearing, but Duarte has not challenged the sufficiency of that evidence in his appeal.

Next, Duarte argues the "no-evidence summary judgment was not well-taken, as there was evidence in the form of depositions filed with the trial court." But the appellate record shows he is mistaken. The record does not show that Duarte's attorney even responded to Brookaye's motion before Judge McFarlin ruled on the motion. Rule 166a(i) provides that the "court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact."[33] Simply put, Duarte didn't meet his burden of proof to file a response and point to the evidence he wanted Judge McFarlin to consider when ruling on Brookaye's motion.[34]

---

[33]*Id*. 166a(i).

[34]The appellate record does not even show there were any transcripts from any depositions filed in the clerk's record.

We conclude Duarte's argument claiming Brookaye's motion was "not well-taken" is unsupported by this record.[35] Because Judge McFarlin did not err in granting Brookaye's no-evidence motion. Duarte's third issue is overruled.

*Failure to Conduct a De Novo Hearing*

In his first issue, Duarte complains that, because Judge Williams failed to conduct a de novo hearing on Brookaye's no-evidence motion for summary judgment, the judgment should be reversed. For its part, Brookaye doesn't dispute Duarte's claim that his attorney was notified of Judge McFarlin's ruling on November 4. The record shows that Duarte requested a de novo hearing on November 11, so he asked for a de novo hearing within the seven-day period required to trigger the statutory duty a referring court has to conduct the de novo hearing on the issue identified in the notice.[36] The de novo hearing must take place "not later

---

[35]Brookaye's motion alleged Duarte could produce no evidence to show the condition on its premises posed an unreasonable risk of harm, that Brookaye knew or reasonably should have known of the condition, or that Brookaye breached its duty of care to Duarte, or that Brookaye's alleged breach caused Duarte's injuries.

[36]*See* Tex. Gov't Code Ann. § 54A.115(a) (allowing a party to request a de novo hearing with the "referring court" on filing a written request "not later than the seventh working day after the date the party receives notice . . . of the associate judge's decision").

than the 30th day after the date the initial request for a de novo hearing was filed with the clerk of the referring court."[37]

Although the hearing was delayed, Duarte received the de novo hearing on the issue he identified in the notice he filed when he requested a de novo hearing in 2019. Because Duarte received the hearing required by law, his first issue lacks merit and is overruled.[38]

### *The Motion for New Trial*

In issue two, Duarte contends that Judge Ted Akin erred in denying his motion for new trial. Trial courts may grant new trials for "good cause" or "in the interest of justice."[39] We review a trial court's denial of a motion for new trial for abuse of discretion.[40] A trial court abuses its discretion if it clearly fails to analyze or apply the law correctly.[41]

To prevail on a motion for new trial, Duarte bore the burden to show his failure to respond to Brookaye's no-evidence motion was not intentional or the result of conscious indifference, but instead resulted

---

[37]*Id*. § 54A.115(e).

[38]Tex. R. App. P. 44.1(a)(2).

[39]Tex. R. Civ. P. 320.

[40]*See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam).

[41]*In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004).

from an accident or mistake.[42] To make that showing, Duarte had to offer evidence of an excuse in his motion for new trial sufficient to explain why his attorney failed to appear for the hearing on Brookaye's motion was not intentional or to show that the hearing was not simply consciously ignored.[43] But he also had to do more than show why his attorney didn't show up for the hearing. Duarte also needed to establish in his motion for new trial that if awarded a new trial, he could raise issues of material fact on his premises-liability claim—in other words a defense to Brookaye's no-evidence motion. Lastly, Duarte was required to allege in his motion that granting the motion would not cause Brookaye undue delay or injury.[44]

We first note that Duarte attached no evidence to his motion for new trial. That said, in January 2020 and more than a month after Duarte filed his motion for new trial, Duarte did file a very late response to Brookaye's no-evidence motion for summary judgment, a response filed

---

[42]*See Varady v. Gyorfi*, No. 09-15-00237-CV, 2016 Tex. App. LEXIS 3877, at *18-19 (Tex. App.—Beaumont Apr. 14, 2016, no pet.) (mem. op.).
[43]*Id.* at *19.
[44]*See SVT, LLC v. Seaside Vill. Townhome Ass'n*, No. 14-19-00586-CV, 2021 Tex. App. LEXIS 5345, at *7-8 (Tex. App.—Houston [14th Dist.] July 6, 2021, no pet.) (mem. op.); *Weech v. Baptist Health Sys.*, 392 S.W.3d 821, 825-26 (Tex. App.—San Antonio 2012, no pet).

four months after Judge McFarlin granted the no-evidence motion. Yet Duarte didn't attach any evidence to his late-filed no-evidence response either. Instead, when Duarte responded to the no-evidence motion, he argued the evidence in the trial would show the steps where he fell were defectively maintained and caused his fall. But while there may be exceptions that don't apply here, under Texas law a parties' pleadings aren't competent as summary-judgment evidence.[45]

We will assume without deciding that Duarte's attorney's failure to appear for the hearing resulted from a mistake. Still, that doesn't explain why Duarte didn't file a timely response to Brookaye's no-evidence motion for summary judgment. To prevail on his motion for new trial, Duarte had the burden to prove that another trial would produce a different result. To answer that question, we look to the facts alleged in the motion for new trial, to any supporting affidavits, and the evidence filed with the motion regardless of whether those facts are controverted.[46] The allegations in the motion for new trial must be supported by

---

[45]*Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Hidalgo v. Surety Sav. & Loan Ass'n.*, 462 S.W.2d 540, 545 (Tex. 1971).

[46]*See Dir., State Emp. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 270 (Tex. 1994).

affidavits or other evidence sufficient to demonstrate that a material issue of fact exists on the claim or claims at issue in the case.[47] Whether the trial court abused its discretion in denying a motion for new trial is resolved as a legal question on appeal.[48]

Duarte's problem is that he filed no evidence to support his motion for new trial. Without supporting evidence, Duarte failed to meet his burden of proof on his motion for new trial. Specifically, he failed to prove that if awarded another trial, he could present evidence that raised issues of material fact on the four elements of the premises-liability claim Brookaye challenged in its no-evidence motion for summary judgment. Simply put, Duarte's allegations in his late-filed response, which contend the steps were defective and that they caused him to fall, are not competent summary judgment evidence. Because Duarte didn't' support his motion seeking a new with any competent evidence, he failed to demonstrate that a new trial would produce a different result than the one Judge McFarlin reached in ruling on Brookaye's no-evidence motion.

_____

[47]*See Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 392 (Tex. 1993).

[48]*See Guar. Bank v. Thompson*, 632 S.W.2d 338, 339 (Tex. 1982).

We conclude Judge Ted Akin the visiting judge sitting for the 101st District Court and the judge who ruled on Duarte's Motion for New Trial didn't abuse his discretion in denying Duarte's motion. Duarte's second issue is overruled.

## Conclusion

Having considered and overruled Duarte's issues, the judgment dismissing Duarte's case against Brookaye with prejudice is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on January 24, 2022
Opinion Delivered December 1, 2022

Before Kreger, Horton and Johnson, JJ.